IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELVIN D. PRIMER,

                    Plaintiff,

     v.                                                    OPINION and ORDER

LISA GUNNUFSON, DAKOTA KELLEY, WILLIAM              26-cv-69-jdp
GARCIA, JINNIFER, and TAYLOR,

                    Defendants.

---

Plaintiff Kelvin D. Primer, proceeding without counsel, is a prisoner at Stanley Correctional Institution. Primer alleges that when he was at the Rock County Jail, staff failed to adequately treat a severe infection that developed in his arm. He has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Primer's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Primer's complaint fails to properly state any claims for relief, but I will give him a chance to file an amended complaint.

ALLEGATIONS OF FACT

Primer was booked into the Rock County Jail in late March 2023. Soon after he complained to medical staff about a painful bump under his right arm. They gave him

ibuprofen. The bump grew larger but staff told him that there was nothing else that they could do. Primer began to suffer severe pain. Primer's wife called the jail about the problem, leading him to be seen again by heath staff, who said that they might need to have a specialist look at it, but there's no indication that they did so. A nurse started him on an antibiotic that didn't seem to help. A couple of weeks later, the bump grew to the size of a golf ball and Primer couldn't put his arm down. Staff started him on a different antibiotic, which didn't help him either.

Eventually, Primer was transferred to state of Wisconsin custody (from online court and DOC records it appears that Primer was convicted in May 2023). DOC staff immediately sent him to have emergency surgery on what was diagnosed as an infection.

ANALYSIS

Primer names several jail officials as defendants and contends that they violated his constitutional rights by failing to adequately treat his infection. Because Primer's allegations appear to show that he was a pretrial detainee at the time of his alleged mistreatment, I will assume that the Fourteenth Amendment applies to his claims. To state a Fourteenth Amendment claim based on denial of medical care, Primer must plausibly allege that: (1) defendants engaged in intentional conduct or made an intentional decision about his medical care; and (2) defendants' conduct or decision was objectively unreasonable in the circumstances. *See Est. of Sillah by Carter v. City of Madison*, No. 23-cv-96-jdp, 2024 WL 4650945, at *9 (W.D. Wis. Nov. 1, 2024).

Primer's allegations that medical staff persisted in treating his condition with interventions that didn't work are enough to state a claim under the Fourteenth Amendment.

2

The problem for Primer is that he doesn't explain how each of the named defendants were actually involved in making the medical decisions that harmed him. In the body of his complaint he doesn't mention any of the defendants by name. So his complaint doesn't properly state any claims for relief.

I will dismiss Primer's current complaint, but I will give him a short time to file an amended complaint better explaining his claims. In doing so, Primer should take care to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not participate in a violation of his rights.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

If Primer doesn't submit an amended complaint by the deadline set below, I will dismiss the entire case and direct the direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

## ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until April 20, 2026, to file an amended complaint.

Entered March 31, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3