IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELVIN D. PRIMER,

Plaintiff,

v.

DAKOTA KELLEY and WILLIAM GARCIA,

Defendants.

ORDER

26-cv-69-jdp

---

Plaintiff Kelvin D. Primer, a state prisoner representing himself, alleges that the defendant medical providers failed to adequately treat a severe infection that developed in his arm, in violation of his Fourteenth Amendment rights. Dkt. 10. The United States Marshal Service reports serving both defendants at the Rock County Sheriff's Office. Dkt. 15 & Dkt. 16. At the October 26, 2026 preliminary pretrial conference, the court addressed defendant Garcia's motion to dismiss for insufficient service of process, Dkt. 18, and defendant Kelley's failure to appear, plead or otherwise defend in this lawsuit. Based on the discussion, the court orders the following:

1. Defendant Garcia maintains that plaintiff's claim against him must be dismissed without prejudice due to improper service. In support, he notes that he has not been personally served, is not an employee of the Rock County Sheriff's Office, and the administrative professional who accepted service at the office is not his agent authorized to accept service on his behalf. To avoid potentially unnecessary motion practice, the court discussed the possibility of Garcia waiving service of process with defense counsel, who agreed to raise the issue with Garcia. To that end, the clerk of court is directed to send a waiver of service form and related materials to defense

counsel via e-mail. Garcia will then have 14 days to apprise the court whether he will either: (a) waive service and withdraw his motion to dismiss or (b) stand on his objections. For now, briefing on the motion to dismiss is STAYED.

2. The court explained to plaintiff that defendant Kelley may be in default, but that the court would take no action on its own. Plaintiff may ask for judgment against Kelley based on default by completing two steps: (a) ask the clerk of court to enter default against Kelley and, if the request is granted, then (b) ask the presiding judge for a default judgment. *See* Federal Rule of Civil Procedure 55(a) and (b). To ask for an entry of default judgment, plaintiff must file an application and declaration explaining that he was not required to serve Kelley on his own and establishing that despite proper service, Kelley has not timely responded or appeared in the case. If granted, plaintiff next must ask for default judgment from the presiding judge by filing a motion arguing why he should win his case against Kelley based on existing law and a declaration and any supporting evidence of the amount of damages plaintiff claims against this defendant. The court notes that it will set aside an entry of default or a default judgment for good cause or for one of the reasons listed in Federal Rule of Civil Procedure 60(b), and that Kelley will likely have a chance to respond to a request for default judgment.

*So ordered.*

Entered October 27, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge